IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. EQUAL EMPLOYMENT OPPORTUNITY    *
COMMISSION                          *

                  Petitioner        *

              vs.                   *   CIVIL ACTION NO. MJG-13-1712

PERFORMANCE FOOD GROUP              *
COMPANY, LLC
                                    *

                  Respondent        *

*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER RE: JUDICIAL ESTOPPEL

The Court has before it Plaintiff EEOC'S Motion for
Judicial Estoppel [Document 48] and the materials submitted
relating thereto.  The Court finds a hearing unnecessary.

At all times relevant hereto, Defendant Performance Food
Group, Inc. (including related entities) ("PFG") has been
engaged in the business of supplying food and other products to
restaurants, hotels, and other food retailers.  In this case,
the EEOC contends that PFG – in its Broadline Division –
maintained an ongoing pattern or practice of gender-based
discrimination by failing to hire a class of female applicants
for certain positions at PFG's warehouses.  The EEOC will, at
trial, offer evidence that certain sex-based discriminatory
remarks were made by PFG's Vice President of Operations, Dan

Peckskamp, and one of PFG's Regional Vice Presidents of
Operations, Dave Russ.[1]

In the course of administrative proceedings before the
United States Equal Employment Opportunity Commission ("EEOC")
and a summons enforcement action in this Court,[2] PFG took the
position that Messrs. Peckskamp and Russ, members of the
corporate management team for PFG's Broadline Division, had
ultimate hiring oversight over the Broadline Division.

Moreover, in the Memorandum and Order Re: Subpoena
Enforcement, [Document 29 in MJG-09-2200] at 19, the Court
stated:

> The Court finds that hiring data for all
> applicants and employees within the
> Broadline division over which Pekscamp
> [sic], the Vice President of Operations
> and/or Russ, a Regional Vice President of
> Operations, maintain ultimate hiring
> oversight is relevant to the underlying
> charges.

In the instant lawsuit, PFG has taken the position that
Messrs. Peckskamp and Russ "lacked hiring oversight or control
over any employees in PFG's Broadline facilities." [Document
53] at 2.  PFG wishes to "clarify[] and explain[] certain facts

---

[1]     At a hearing held on October 2, 2009 before this Court in a
related summons enforcement action, MJG-09-2200, "it was
determined that the Vice President of Operations, Dan Pekscamp
[sic], and the Regional Vice President of Operations, Dave Russ,
are members of the corporate management team for PFG's Broadline
division. (Hr'g Tr. at 9:13-10:9, 24:15-27:3." See [Document 22
in MJG-09-2200].
[2]     EEOC v. PFG, MJG-09-2200.

which were inadvertently misrepresented during the course of the EEOC's investigation." Id.  The representations made to the EEOC during the course of the investigation that precipitated the instant lawsuit were also made to this Court in the summons enforcement action.

The EEOC seeks to have PFG judicially estopped from varying in the instant case from (1) its representations in the related administrative and judicial proceedings, and (2) this Court's finding that Messrs. Peckskamp and Russ had ultimate hiring authority.  Alternatively, the EEOC seeks to be permitted to engage in additional discovery regarding the matter.

As stated by the EEOC:

> "As an equitable doctrine, judicial estoppel is invoked in the discretion of the district court and with the recognition that each application must be decided upon its own specific facts and circumstances." King, 159 F.3d at 196 (quoting McNemar v. Disney Store, Inc., 91 F.3d 610, 617 (3d Cir. 1996)).  In the Fourth Circuit, courts generally examine the following factors:
>
> (1)   [t]he party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding;
>
> (2)   the prior inconsistent position must have been accepted by the tribunal; and
>
> (3)   the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.

> Id. Judicial estoppel, however, will not be
> applied where the party's inconsistent
> position results from inadvertence or
> mistake. Id. at 196-197.

[Document 48-1] at 12 (alteration in original).

It is true that PFG is now asserting a position that is factually incompatible with the position that it took in the related administrative and judicial proceedings.  It is also true that this prior position was accepted by the EEOC and this Court.  However, the Court does not find that PFG took the prior position for the purpose of gaining an unfair advantage in the administrative action or summons enforcement action.

The Court's decision to eschew judicial estoppel does not indicate a lack of concern about PFG's change of position in the instant lawsuit.

Certainly, the EEOC has proceeded in the instant case – particularly in regard to discovery – with the justified belief that PFG was not contesting the authority of Messrs. Peckskamp and Russ.  It is now apparent that the EEOC must be given a full opportunity for discovery regarding the matter.  Moreover, it may be appropriate to provide other relief if the timing of the disclosure of the changed position or other considerations warrants doing so.

Moreover, while PFG is not estopped from changing its position, it cannot erase the record.  Statements made by PFG in

the prior proceedings may be admitted in the instant case.  Of course, PFG will have the opportunity to present evidence to the fact finder clarifying and explaining those facts that it contends were inadvertently misrepresented in the prior proceedings.

Accordingly:

1.   Plaintiff EEOC'S Motion for Judicial Estoppel [Document 48] is GRANTED IN PART.

2.   Defendant PFG is not estopped from varying from the position that Messrs. Peckskamp and Russ had ultimate hiring authority over the Broadline Division.

3.   Plaintiff shall be granted additional discovery[3] that may be necessary to enable it fully to seek evidence relating to the authority of Messrs. Peckskamp and Russ and the change of position of PFG in regard to their authority.

SO ORDERED, on <u>Wednesday, October 08, 2014</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge

---

[3]   The additional discovery permitted, and any other relief to be granted, shall be determined by Magistrate Judge Gesner to whom the Court has referred discovery matters in the instant case.  <u>See</u> [Document 57].