```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

          Petitioner            *

     vs.                        *    CIVIL ACTION NO. MJG-13-1712

PERFORMANCE FOOD GROUP, INC.    *

          Respondent            *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER RE: DISCOVERY APPEAL

The Court has before it Plaintiff EEOC'S Objections to the Magistrate Judge's Ruling of January 5, 2015 (ECF No. 82), filed pursuant to Federal Rule of Civil Procedure 72(a), [Document 86] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In the letter Order at issue, Magistrate Judge Gesner addressed Plaintiff EEOC's Motion for Rule 37(b)(2) Sanctions [Document 75], Defendant Performance Food Group, Inc.'s Opposition to Plaintiff EEOC's Motion for Rule 37(b)(2) Sanctions [Document 77], and Plaintiff EEOC's Reply Memorandum in Further Support of Its Motion for Rule 37(b)(2) Sanctions [Document 79]. The Magistrate Judge stated:

> Plaintiff's Motion for Sanctions seeks wide ranging penalties for defendant's belated, and allegedly deficient, production of documents. Although defendant's document production was late, I have concluded that sanctions are <u>not warranted at this time</u>. While I am mindful that

>           document production in this case will be
>           voluminous, covering an extensive period of
>           time at many different facilities, defendant is
>           directed to ensure its timely and complete
>           compliance with deadlines in this case.

[Document 82] at 1 (emphasis added).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "the district judge in the case must consider timely objections [to a Magistrate Judge's order on a non-dispositive pretrial matter] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Discovery motions are quintessential non-dispositive motions.  Moreover, the district court should, normally, give great deference to the judgment calls necessarily made by a Magistrate Judge in the course of resolving discovery disputes.

Magistrate Judge Gesner expressly stated that "defendant's document production was late."  Also, she stated that "defendant is directed to ensure its timely and complete compliance with deadlines in this case."  Magistrate Judge Gesner's decision to include in the Order a reminder to Defendant of its duty to provide complete compliance with discovery obligations was an implicit recognition that, at least, some of Plaintiff's complaints about lack of complete compliance were meritorious.

The Court finds that the instant appeal presents the issue of whether, in view of Defendant's lateness and – to some degree – incompleteness, the Magistrate Judge should have imposed sanctions,

rather than a warning that sanctions may be forthcoming for future discovery compliance failures.  The Court does not now find it appropriate to question the Magistrate Judge's judgment call on this inherently discretionary matter.  Should there be a future (or continuing) pattern of late and/or incomplete discovery compliance, appropriate sanctions may well be warranted.

    Accordingly, Plaintiff EEOC'S Objections to the Magistrate Judge's Ruling of January 5, 2015 (ECF No. 82), filed pursuant to Federal Rule of Civil Procedure 72(a), [Document 86] are OVERRULED.


    SO ORDERED, on Thursday, April 23, 2015.


                                                                /s/_____
                                                 Marvin J. Garbis
                                          United States District Judge