```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *

            Petitioner         *

         vs.                   *    CIVIL ACTION NO. MJG-13-1712

PERFORMANCE FOOD GROUP, INC.   *

            Respondent         *

*        *        *        *        *        *        *        *        *
```

MEMORANDUM AND ORDER RE: DISCOVERY APPEAL

On December 4, 2015, the Magistrate Judge issued a letter Order [ECF No. 126] ("the Ruling") that resolved certain disputes regarding document requests.  The Court has before it Plaintiff EEOC's Objections in Part to the Magistrate Judge's Ruling of December 4, 2015 [ECF No. 130] filed pursuant to Federal Rule of Civil Procedure 72(a) and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

I. DISCUSSION

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "the district judge in the case must consider timely objections [to a Magistrate Judge's order on a non-dispositive pretrial matter] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Discovery motions are quintessential non-dispositive motions.  Moreover, the district court should,

normally, give great deference to the judgment calls necessarily made by a Magistrate Judge in the course of resolving discovery disputes.

The Equal Employment Opportunity Commission ("EEOC") objected to certain portions of the Ruling.  By the time the EEOC filed its reply, all but one objection had been rendered moot.  The remaining objection is to the Magistrate Judge's permitting Defendant Performance Food Group, Inc. ("PFG") to redact, allegedly on the basis of "relevancy," responses to discovery request 6, calling for production of:

> All Danbee or other employee hotline voice messages and transcriptions of reports or conversations on these hotlines referring in any way to discriminatory, sexist, or hostile talk or treatment of women at Broadline facilities, and any written documents sent by, to, or about such hotline complainants regarding their complaints, including unredacted versions of documents D564434-D564446.

[ECF No. 125 at 2]. In a March 2[1] conference with counsel, the Court asked PFG to provide redacted and unredacted versions of the aforesaid documents.  PFG did so.  The Court conducted an in camera review of the documents, and issued a letter Order [ECF No. 150] that directed PFG to provide the EEOC with the identity of the locations of the redacted entries.  The Court also, in that letter Order, directed the parties to address whether redaction was appropriate in regard to an entry that referred to:

---

[1] All dates referred to herein are in the year 2016.

2

>       a telephone call from a woman stating that a
>       certain management person had anger management
>       problems, employees were uneasy approaching
>       him, that a person (possibly a supervisor) told
>       her not to worry about being late to work due
>       to her car problems, but that the said
>       management person nevertheless had her sign
>       disciplinary action reports for poor
>       performance and tardiness.

[ECF No. 150 at 1-2].  The parties have responded presenting their respective positions.

The Court, having considered the parties' respective submissions regarding the instant objections reaches the following conclusions.

Without attempting at this time to allocate fault, the Court finds that the parties have developed an unnecessary "semantic" molehill into a mountain of needless expenditure of time and effort for all concerned.  This may be due to a "history" of squabbling caused by unreasonable positions on one side, or both sides.  However, it is "high time" for counsel to engage in sensible, constructive discussions and narrow, not expand, the scope of matters requiring judicial resolution.

The essence of EEOC's position as to the reactions at issue is that "Defendant improperly produced what responsive documents it had produced with redactions for 'relevance.'" [ECF No. 130 at 2].  Of course, it would not be proper for PFG to redact material that is within the scope of a document request on the ground that the material

3

is irrelevant.  However, having reviewed the documents <u>in camera</u>, the Court finds that PFG did not make any redaction of material that it believed was within the scope of the request but was irrelevant. PFG did not, therefore, attempt to utilize a relevancy objection as if it were equivalent to a privilege objection.

Nevertheless, the Court must note that PFG may have planted the seed of the instant dispute by using, unnecessarily, the word "irrelevant" when stating to the Magistrate Judge in regard to Document Request 6 that

> Defendant has produced all relevant documents or portions of documents that contain relevant information, redacting the <u>non-responsive, irrelevant information</u>.

[ECF No. 130-2 at 1] (emphasis added).

Perhaps, when the EEOC raised the "irrelevancy" issue, the dispute could have been avoided by PFG clarifying that the basis on which it made redactions was responsiveness.

Regardless of which side is at fault, or more at fault, there is, in reality, no dispute regarding any improper redaction on the basis of "relevancy" as distinct from a proper redaction based on non-responsiveness.

In regard to the specific redaction at issue noted above – a matter that was not presented to the Magistrate Judge – the Court finds that the material in question must be unredacted.  While the

Court does not find that the redaction was made in bad faith, it finds that the material is within the scope of the Document request.

Specifically, the request relates to items reflecting "discriminatory, sexist, <u>or</u> hostile talk or treatment of women." [ECF No. 125 at 2] (emphasis added).  The Court does not find PFG's position that the request should be limited to "hostile talk or treatment of or to women <u>on the basis of sex</u>" [ECF No. 152 at 1] (emphasis in original) the most reasonable interpretation of the request.  It is more sound – particularly in a discovery context – to conclude that a request regarding talk or treatment that is <u>either</u> discriminatory <u>or</u> hostile would include talk or treatment that is hostile even though not discriminatory.  The fact that the material in question may turn out – upon inquiry - to be irrelevant although responsive does not warrant redaction.

II. CONCLUSION

Accordingly:

1. Plaintiff EEOC's Objections in Part to the Magistrate Judge's Ruling of December 4, 2015 [ECF No. 13] are sustained in part.

2. The Court finds appropriate the redactions PFG made to documents D564434-D564446 except:

    a. The location identifications shall be produced.

    b. The item identified as "PFG-Batesville" that begins "On March 27, Danbee" shall be produced in unredacted form.

SO ORDERED, this Tuesday, March 15, 2016.

                                        /s/
                                 Marvin J. Garbis
                            United States District Judge