```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

           Petitioner           *

        vs.                     *   CIVIL ACTION NO. MJG-13-1712

PERFORMANCE FOOD GROUP, INC.    *

           Respondent            *

*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER RE: OBJECTIONS TO ORDER

The Court has before it Plaintiff Equal Employment Opportunity Commission's Objections to the Magistrate's Order Dated April 7,[1] 2016 [ECF No. 158] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "the district judge in the case must consider timely objections [to a Magistrate Judge's order on a non-dispositive pretrial matter] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Discovery motions are quintessential non-dispositive motions. Moreover, the district court should, normally, give great deference to the judgment calls made by a Magistrate Judge in the course of resolving discovery disputes.

---

[1] The Court notes that the Letter Order was dated April 6 and filed that same day, but was not entered on the docket until April 7.

On April 4,[2] the Equal Employment Opportunity Commission ("the EEOC") filed a letter [ECF No. 156] seeking to have the Magistrate Judge impose sanctions and/or issue an Order regarding various discovery disputes, referring to a list of 16 matters.  By the Letter Order at issue [ECF No. 157], the Magistrate Judge directed the parties to hold a Local Rule 104.7 conference, stating:

> To foster the cooperation necessary to fairly and efficiently complete discovery, I hereby direct the parties to hold a Local Rule 104.7 conference by Wednesday, April 20, 2016 in order to:
>
> 1. Determine what production and/or certification remains outstanding;
>
> 2. Set a schedule for the production of any outstanding materials.
>
> I am hopeful that the parties' conference will limit—if not preclude—the need for subsequent judicial intervention in the discovery process.  Recognizing, however, that legitimate disputes may arise, the parties are instructed to adhere to my informal procedure (ECF No. 98), which requires the parties to confer before bringing any disputes to the court's attention.  The notice to the court should be filed jointly.  The court will decide whether the matter can be resolved through informal briefing and, if not, will direct that the parties prepare full briefing consistent with Local Rule 104.8 (regarding Motions to Compel).

ECF No. 157 at 2.

---

[2] All dates referred to herein are in the year 2016.

On April 18, the EEOC filed the instant Objections.  Therein, the EEOC does not state that there has been compliance with the Magistrate Judge's Order to conduct a Rule 104.7 conference but states it "will inform the Court if any issues are mooted as a result of [the required] conference."  ECF No. 158 at 2 n.6.  Presumably, a Rule 104.7 conference is contemplated.

The Court views the instant "objections" to amount to (1) an objection to the Magistrate Judge's requiring a Rule 104.7 conference and (2) the Magistrate Judge's denial of the request to issue sanctions and orders.

The Court finds the action of the Magistrate Judge in requiring a Rule 104.7 conference prior to addressing the range of issues the EEOC seeks to present a reasonable action to seek to manage the discovery phase of the instant case.

Accordingly:

1. Plaintiff EEOC's Objections to the Magistrate's Order Dated April 7, 2016 [ECF No. 158] are overruled.

2. The parties shall proceed in compliance with the Magistrate Judge's Letter Order [ECF No. 157].

SO ORDERED, this Thursday, April 21, 2016.

/s/
Marvin J. Garbis
United States District Judge