```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA       *

            Petitioner         *

        vs.                    *    CIVIL ACTION NO. MJG-13-1712

PERFORMANCE FOOD GROUP, INC.   *

            Respondent         *

*       *       *       *       *       *       *       *       *
```

<u>MEMORANDUM AND ORDER RE: OBJECTION [JUNE 21, 2016 ORDER]</u>

On June 21, 2016, Magistrate Judge Gesner issued a Letter Order [ECF No. 168] ("the Order") that denied Plaintiff discovery of the unredacted versions of certain documents.  The Court has before it Plaintiff EEOC's Objections to the Magistrate Judge's Ruling of June 21, 2016, ECF No. 168 [ECF No. 169] filed pursuant to Federal Rule of Civil Procedure 72(a) and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge in the case must consider timely objections [to a Magistrate Judge's order on a non-dispositive pretrial matter] and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Discovery motions are quintessential non-dispositive motions.  <u>Neighborhood Dev. Collaborative v. Murphy</u>, 233 F.R.D. 436, 438 (D. Md. 2005)(citation omitted). Moreover, the district court should, normally, give great deference

to the judgment calls necessarily made by a Magistrate Judge in the course of resolving discovery disputes.  Id.

The Magistrate Judge stated in the Order:

> I have reviewed the unredacted versions of D562143-D562163—the investigative notes of Steve Stacharowski, PFG-Carroll County Foods' Vice President of Human Resources. Mr. Stacharowski took these notes during the course of his investigation of complaints of race-based discrimination made to him by former PFG night warehouse manager, Kyle Gardner.
>
> During the course of Mr. Stacharowski's investigation, a very limited number of comments relevant to plaintiff's sex-based discrimination claims were made. Defendant already has produced these portions of the investigative notes in unredacted form.
>
> The balance of Mr. Stacharowski's investigative notes (which defendant has produced with redactions) pertains to possible race-based discrimination only. The notes contain no other reference to sex or gender, and do not indicate that Mr. Gardner's complaints of race-based discrimination are "inextricably intertwined" with the sex-based discrimination alleged in this case.
>
> Accordingly, defendant is not required to produce unredacted copies of D562143-D562163.

Order, ECF No. 168.

The Court has read every redaction at issue.

The Court finds no reason to disagree with the Magistrate Judge's judgment call that evidence of race-based discrimination by a PFG employee would not be admissible (or lead to admissible evidence) regarding alleged corporate gender-based discrimination.

Case 1:13-cv-01712-MJG   Document 177   Filed 08/05/16   Page 3 of 3

Of course, there may be cases in which a contrary approach would be appropriate; but this is not one of those.  However, if relevant at all to the instant case, the redacted material could be viewed as reflecting a corporate sensitivity to possible racial discrimination and efforts to eliminate the problem.

The Court, having reviewed every redaction in question, fully agrees with the Magistrate Judge's finding regarding the absence of a relationship between the racial discrimination allegations and the issues presented in the instant case.

Accordingly:

1. Plaintiff EEOC's Objections to the Magistrate Judge's Ruling of June 21, 2016, ECF No. 168 [ECF No. 169] are OVERRULED.

2. The Court hereby adopts the Magistrate Judge's Letter Order [ECF No. 168].

SO ORDERED, this <u>Friday, August 05, 2016</u>.

<pre>                          /s/
                    Marvin J. Garbis
                 United States District Judge</pre>

3