# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> PERFORMANCE FOOD GROUP, INC., et al., <br>     Defendants. | * <br> * <br> * <br> *     Civ. No.: MJG-13-1712 <br> * <br> * <br> * |

\* \* \* \* \* \* \*     \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Now pending before the court are Plaintiff's Motion to Compel Subpoena Compliance Directed to Nonparty Charlotte Perkins ("Plaintiff's Motion") (ECF No. 186), Defendant's Opposition to Plaintiff's Motion ("Defendant's Opposition") (ECF No. 187), and Plaintiff's Reply in Support of Plaintiff's Motion ("Plaintiff's Reply") (ECF No. 188). No hearing is necessary. Loc. R. 105.6. For the reasons discussed below, Plaintiff's Motion is GRANTED in part and DENIED in part.

### I.    Background

Plaintiff, the United States Equal Employment Opportunity Commission ("plaintiff," or "EEOC"), filed this employment action against defendants Performance Food Group, Inc. and associated entities on June 13, 2013, alleging unlawful sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (ECF No. 1.) The case was referred to the undersigned by Judge Garbis for all discovery and related scheduling, pursuant to 28 U.S.C. § 636(c) and Local Rule 301, on September 2, 2014. (ECF

No. 57.)  Since then, the parties have engaged the court on many occasions to resolve a range of discovery disputes, both narrow and broad.[1]  Most recently, on April 4, 2017, plaintiff filed a letter requesting guidance from the court as to how to proceed to resolve a discovery dispute between plaintiff and a nonparty.  (ECF No. 184.)  Although the court had previously made available to counsel its expedited discovery dispute resolution procedures, the undersigned advised plaintiff that expedited procedures were not appropriate in this instance, and noted that plaintiff should proceed in accordance with Federal Rule of Civil Procedure 45.[2]  (ECF No. 185.)  Plaintiff subsequently filed the instant Motion on April 24, 2017 identifying Ms. Charlotte Perkins as the nonparty.  (ECF No. 186.)  On May 8, 2017, defendant Performance Food Group, Inc. ("defendant," or "PFG") timely filed an opposition (ECF No. 187) and plaintiff replied on May 15, 2017 (ECF No. 188).  Ms. Perkins did not file an opposition and the time to do so has expired.  Plaintiff's Motion is now ripe for the court's review.

The instant dispute centers around a subpoena that plaintiff served on Ms. Perkins, defendant's former Chief Human Resources Officer ("CHRO"), on August 1, 2016 commanding Ms. Perkins to attend a deposition and produce documents.  (ECF No. 186 at 3.)  The subpoena was based on plaintiff's understanding that "Ms. Perkins has information and documents relevant to the present action by virtue of her previous position with Defendant; and based on experiences leading to her own charge of discrimination based on sex that she filed with the EEOC following her termination or resignation from Defendant in 2008."  (Id.)  According to plaintiff, Ms. Perkins later withdrew her EEOC charge as part of a confidential settlement agreement entered

---

[1] See, e.g., ECF Nos. 65, 70, 82, 90, 105, 112, 123, 126, 128, 131, 137, 144, 155, 157, and 168.

[2] The court also directed plaintiff to provide a copy of the court's letter order to the nonparty.  (ECF No. 185.)

into with defendant in an unrelated case filed in Virginia state court (the "Virginia action").[3] (Id. at 3–4.) Ms. Perkins did not file a motion to quash or otherwise object to the subpoena until she appeared for her deposition on August 9, 2016, at which time she refused to answer any questions pertaining to the Virginia action or her EEOC charge, among other topics.[4] (Id. at 4–5.) She claimed, in part, that she was prohibited from testifying on these matters due to a private settlement agreement. (Id. at 5.) Regarding the subpoena's command to produce documents, Ms. Perkins initially claimed that they were in the possession of her former attorneys, but after her deposition, she served written objections through her then-current attorney claiming that the documents were "protected from disclosure pursuant to a protective order or a settlement agreement absent a court order."[5] (Id. at 7.) Although Ms. Perkins has not particularized the basis for her objections, plaintiff assumes that the prior settlement agreement in the Virginia action contains some form of prohibitory clause (id. at 8), and that Ms. Perkins fears retaliation from defendant.[6] (ECF No. 188 at 1.)

Accordingly, plaintiff seeks an order from this court compelling Ms. Perkins to comply

---

[3] See Perkins v. Blackstone Group, LP, No. CL08001664-00 (Va. Cir. Ct. filed July 16, 2008). According to plaintiff, the circuit court dismissed the Virginia action pursuant to the settlement agreement, which was filed under seal. (ECF No. 186 at 6.)

[4] Specifically, Ms. Perkins refused to answer questions regarding the substance of her testimony in the Virginia action, whether a settlement with PFG was a basis for her refusal to answer questions, any statements made to EEOC investigators, any prejudice, discrimination, or hostility towards women of which she became aware during her employment, any steps PFG took in response to complaints, the nature and circumstances of her termination, and the steps she took to prepare for the deposition. (ECF No. 186 at 5–6.) In light of Ms. Perkins' nonresponsive answers, plaintiff held open the deposition and defendant and Ms. Perkins did not object. (Id. at 6.)

[5] Plaintiff's subpoena commanded Ms. Perkins to produce all documents and communications related to her employment with and termination from PFG (excluding details of settlement negotiations), all documents concerning any allegations of sex discrimination against PFG agents or employees, and any communications from PFG or its counsel concerning the deposition. (ECF No. 186 at 7–8.) According to plaintiff, Ms. Perkins retained one of her former attorneys from the Virginia action, Ms. Gretchen C. Byrd, to respond to the subpoena's command to produce. (Id. at 4.) Plaintiff claims that it attempted to contact Ms. Byrd to resolve Ms. Perkins' objections, but that Ms. Byrd has stated only that her firm does not (or does no longer) represent Ms. Perkins. (Id. at 8.) Plaintiff believes that Ms. Perkins is currently unrepresented. (Id. at 11.)

[6] According to plaintiff, defendant has neither confirmed nor denied the existence of any such clause in the settlement agreement, and has withheld production of the agreement during discovery. (ECF No. 186 at 8–9.)

with the subpoena issued on August 1, 2016. Specifically, plaintiff requests that the court: (1) order Ms. Perkins to answer the questions she refused to answer during her August 9, 2016 deposition; (2) order her to produce the documents commanded by the subpoena; and (3) order the continuance of her deposition at the EEOC's Baltimore field office within sixty days, and for a period of not less than four hours. (ECF No. 186 at 3.) In support of its Motion, plaintiff argues that private parties cannot contract to prohibit a person from complying with compulsory process, and that the sealing of any such agreement in Virginia state court has no effect on the enforceability of the subpoena in federal court. (Id. at 9–10.) Defendant opposes only the scope and continuance of the deposition, arguing that plaintiff unduly delayed and that Ms. Perkins already answered all relevant questions.[7] (ECF No. 187 at 2–8.) As noted, Ms. Perkins did not file an opposition.

**II.     Discussion**

When a nonparty objects to a Rule 45 subpoena, it may "file a motion to quash or modify the subpoena pursuant to [Fed. R. Civ. P. 45(d)(3)(A)], seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . . object to production of documents by opposing a motion to compel under [Fed. R. Civ. P. 45(d)(2)(B)]." United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 484 (D. Md. 2002). A party generally has standing to challenge a nonparty subpoena where the party "claims some personal right or privilege in the information sought." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005). A subpoena must be quashed or modified when it: (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3)

---

[7] Defendant takes no position on Plaintiff's Motion to the extent that it seeks to enforce the subpoena's command to produce documents. (ECF No. 187 at 1.)

4

requires disclosure of privileged matters; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A), 45(c). A subpoena may be quashed or modified in certain other limited circumstances, including where the subpoena requires the disclosure of confidential commercial information or the opinions of unretained experts. Fed. R. Civ. P. 45(d)(3)(B).

"[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." Phillips v. Ottey, No. DKC 14-0980, 2016 WL 6582647, at *2 (D. Md. Nov. 7, 2016) (quoting Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 240–41 (E.D. Va. 2012)) (internal quotation marks omitted). Rule 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### a. Scope and Continuance of the Deposition

Defendant contends that a continuance of Ms. Perkins' deposition is unnecessary because "[Ms.] Perkins' refusal to answer certain questions . . . related to a confidentiality agreement that she executed relating to her personal lawsuit against PFG, and not to the issues in this lawsuit." (ECF No. 187 at 2.) Defendant further contends that "[Ms.] Perkins' breach of contract and tort based claims against PFG [in the Virginia action] have nothing to do with the allegations that PFG discriminated against female applicants," and that "[o]ther questions that [Ms.] Perkins refused to answer . . . bear little relationship to the substance of this case." (Id. at 7.)

Here, defendant takes a far too restrictive view of the Rule 26 relevancy standard. Even if the Virginia action and resulting settlement made no mention of any allegations of sex

discrimination—a highly unlikely contention—at the very least, documents and testimony in that matter would have concerned Ms. Perkins' role as CHRO, where she was uniquely positioned to acquire information relevant to the allegations of "systemic" sex discrimination in this case. (See ECF No. 188 at 3–4.) Indeed, several of plaintiff's deposition questions are specifically directed to the nature of Ms. Perkins' employment with defendant and the circumstances of her termination, as well as her statements to EEOC investigators concerning her own allegations of sex discrimination. See note 4 above. There can be no doubt that the scope of this questioning is relevant and permissible under the Federal Rules, and that Ms. Perkins' responses are inadequate.

Defendant further objects to the continuance of Ms. Perkins' deposition on the basis of undue delay, arguing that plaintiff waited nearly nine months to file its Motion on the eve of the fact discovery deadline. (ECF No. 187 at 2.) Plaintiff argues that any delay is due to a lack of cooperation by Ms. Perkins and her counsel, which defendant could have easily facilitated. (ECF No. 188 at 2–3.) Although the deadline for fact discovery has indeed passed, there is ample time left in the current schedule for the parties to prepare for and conduct a continuance of Ms. Perkins' deposition,[8] especially considering that defendant has been well on notice of plaintiff's intent to continue the deposition on the subjects Ms. Perkins refused to address. Accordingly, in the absence of any apparent prejudice to defendant, the court will order the continuance of Ms. Perkins' deposition. Further, given Ms. Perkins' blatant noncooperation, the court will require her to attend the deposition at the EEOC's Baltimore office, which is within 100 miles of her residence. See Fed. R. Civ. P. 45(d)(3)(A)(ii), 45(c). In consideration of the current schedule and the anticipated burden to Ms. Perkins, however, the court will limit the

---

[8] According to the most recent scheduling order (ECF No. 183), the fact discovery deadline passed on May 1, 2017. The close of expert discovery, however, does not occur until February 19, 2018 with dispositive pretrial motions due March 12, 2018.

6

length of the deposition to a maximum of two hours, and require that it be scheduled within thirty (30) days of the date of this Order. Plaintiff shall limit the scope of its inquiry to those subjects that Ms. Perkins refused to address in her original deposition, and that plaintiff has identified in paragraphs 8 and 9 of its Motion. (See ECF No. 186 at 5–6.)

Turning now to Ms. Perkins' confidentiality objections,[9] it is well established that the Fourth Circuit does not recognize a settlement privilege, and that confidential settlement materials are not automatically shielded from discovery. See Nat'l Union Fire Ins. Co. v. Porter Hayden Co., No. CCB-03-3408, 2012 WL 628493, at *3 (D. Md. Feb. 24, 2012); Phillips, 2016 WL 6582647, at *3–4 (denying motion to quash nonparty disclosure of confidential settlement agreement). Rather, the standard practice in this district is to require the parties to address confidentiality and privacy concerns through the court's stipulated confidentiality order. See Fangman v. Genuine Title, LLC, No. RDB-14-0081, 2016 WL 560483, at *4–5 (D. Md. 2016) (concluding that stipulated confidentiality order adequately protects privacy of nonparties). Neither defendant nor Ms. Perkins has responded to plaintiff's position on this issue, and the court does not perceive on its own any circumstances warranting a modification of plaintiff's subpoena. Accordingly, Ms. Perkins' objections are overruled to the extent they are noted in her deposition transcript. At the date and time that her deposition is continued, Ms. Perkins will be required to provide responsive answers to plaintiff's questions to the full extent of her knowledge. Counsel may note any further objections on the record.

b. **Command to Produce Documents**

Defendant takes no position on this portion of Plaintiff's Motion, and the court concludes that the commanded documents are relevant and discoverable for the reasons noted above. Ms.

---

[9] Although Ms. Perkins did not file a formal opposition, in order to resolve Plaintiff's Motion, the court will address Ms. Perkins' objections to the extent they are noted in her deposition transcript (ECF No. 186-1). The court does so under the Rule 45 standard.

Perkins' written objections are similarly overruled. There has been no showing of burden or expense related to this subpoena, and, as noted above, confidential matters may be routinely managed through the court's stipulated confidentiality order. Accordingly, and to ensure the deposition proceeds smoothly, Ms. Perkins is directed to fully comply with the subpoena's command to produce by no later than seven (7) days prior to the date her deposition is scheduled to continue.

In sum, Plaintiff's Motion is granted insofar as the court hereby orders Ms. Perkins to: (1) appear for a continuance of her deposition at the EEOC's Baltimore field office within thirty (30) days of the date of this Order, for a period not to exceed two hours; (2) provide responsive answers to any questions directed to the subjects identified in paragraphs 8 and 9 of Plaintiff's Motion to the full extent of her knowledge; and (3) fully comply with the August 1, 2016 subpoena's command to produce documents by seven (7) days prior to the scheduled date of her continued deposition.

### III.  Conclusion

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's Motion (ECF No. 186) is GRANTED in part and DENIED in part.

It is further **ORDERED** that plaintiff shall serve a copy of this Order on Ms. Charlotte Perkins.

Date:  June 6, 2017                                         / s /
                                                            Beth P. Gesner
                                                            United States Magistrate Judge