IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,

v.                                      Civ. No.: MJG-13-1712

PERFORMANCE FOOD GROUP, INC., et al.
    Defendants.

## MEMORANDUM AND ORDER

Now pending before the court are Plaintiff's Motion to Exclude the April 16, 2018 Expert Report of Stephen G. Bronars PhD. ("Motion") (ECF No. 200), Defendant's Memorandum of Law in Opposition to Plaintiff's Motion To Exclude the April 16, 2018 Expert Report of Stephen G. Bronars PhD. ("Opposition") (ECF No. 208), and Plaintiff EEOC's Reply Brief in Support of Its Expedited Motion to Exclude the April 16, 2018 Expert Report of Stephen G. Bronars PhD ("Reply") (ECF No. 212). No hearing is necessary. Loc. R. 105.6. For the reasons discussed below, plaintiff's Motion is DENIED.

### I.    Background

Plaintiff, the United States Equal Employment Opportunity Commission ("plaintiff," or "EEOC"), filed this employment action against defendants Performance Food Group, Inc. and associated entities ("defendants") on June 13, 2013, alleging unlawful sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (ECF No. 1.) The case was referred to the undersigned by Judge Garbis for all discovery and

related scheduling, pursuant to 28 U.S.C. § 636(c) and Local Rule 301, on May 22, 2018. (ECF No. 209.)

Plaintiff's Motion seeks to exclude the defendants' supplemental expert report of Dr. Stephen G. Bronars, PhD. ("Dr. Bronars") pursuant to Fed. R. Civ. P. 16, 26, and 37 on the grounds that it is not a true "supplemental" report under Fed. R. Civ. P. 26 and, thus, it was untimely filed. (ECF No. 200–1). In its Opposition, defendants states that the report is a true supplemental report and was timely filed in accordance with the scheduling order governing the case at the time. (ECF No. 208). Defendants also argue that even if the court finds the report is not a true supplemental report, plaintiff has not been prejudiced and exclusion is not warranted. Id.

The scheduling order relevant to this motion was issued in accordance with a joint motion filed by the parties. (ECF Nos. 190–1 and 191). This scheduling order provided that defendants were required to "name all expert witnesses and serve EEOC with expert report(s)" by December 18, 2017. (ECF No. 191). The EEOC then had until March 5, 2018 to "name any rebuttal expert witnesses and serve PFG with rebuttal expert reports." Id. Lastly, the close of expert discovery was April 16, 2018. Id. Defendants filed Dr. Bronars' first report in a timely manner on December 18, 2017, and plaintiff timely submitted its rebuttal expert report. Defendants provided plaintiff with Dr. Bronars' supplemental report on April 16, 2018, the final day of expert discovery. Thereafter, plaintiff filed the present Motion seeking to exclude Dr. Bronars' report. No trial has been set in this case and summary judgment briefing has been stayed pending the resolution of other pending motions. (ECF No. 213).

**II.     Standard**

Pursuant to Federal Rule of Civil Procedure 26, if a witness "is one retained or specifically employed to provide expert testimony in the case," such a witness must provide a written expert report. Fed. R. Civ. P. 26(a)(2)(B). A party must supplement its expert disclosure when it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(A). The parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The "duty to supplement extends to both information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed" at least 30 days before trial. Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(3). If a party fails to disclose or supplement the information required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**III.    Discussion**

The threshold issue here is whether Dr. Bronars' report is a true supplement to his initial report or an untimely new report in violation of the court's discovery schedule. "Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." EEOC v. Freeman, 961 F. Supp. 2d 783, 797 (D. Md. 2013) (citing Keener v. United States, 181 F.R.D. 639, 640 (D. Mont. 1998)). "Courts distinguish true supplementation (e.g., correcting inadvertent errors or omissions) from gamesmanship" when analyzing whether a report is supplemental. East West, LLC v. Rahman, No. 1:11CV1380, 2012 WL 4105129, at *6

(E. D. Va. Sept. 17, 2012) (citing Gallagher v. Southern Source Packaging, LLC, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008)). The rule "does not cover failures of omission because the expert did an inadequate or incomplete preparation." Akeva, LLC. v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002). Rule 26(e) "envisions supplementation when a party's disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete, and therefore, misleading . . . To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc in docket control and amount to unlimited expert opinion preparation." Akeva, 212 F.R.D. at 311.

In this case, Dr. Bronars' supplemental report (ECF No. 200-5) reaches the same conclusion as the first report, but includes new opinions and more sophisticated analyses and statistical modeling. The first report was largely a critique of plaintiff's first expert report, attacking the statistical methods and conclusions reached. In his supplemental report, Dr. Bronars reaches the same conclusion but also details his own analysis using different statistical methods. Notably, the supplemental report does not correct any errors or omissions in the first report and is based on materials and information that were available to Dr. Bronars when he submitted his first report, not based on newly discovered evidence. The supplemental report appears to be "intended both as an expansion of [defendant's] earlier report as well as a means to impermissibly broaden the scope of the expert opinions that Defendants seek to admit." East West, LLC, 2012 WL 4105129, at *7. Accordingly, I conclude that Dr. Bronars' supplemental report is not a true supplement to his initial report consistent with Federal Rule of Civil Procedure 26(e). I turn now to the question of whether exclusion of the report, as plaintiff requests, is warranted.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information required by Rule 26 or a court's scheduling order, exclusion is appropriate unless the failure "was either substantially justified or is harmless." District courts have broad discretion in making this determination. Bresler v. Wilmington Trust Company, 855 F.3d 178, 190 (4th Cir. 2017). Courts in the Fourth Circuit consider the following factors courts in evaluating whether nondisclosure of evidence is substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id. at 596. The first and last factors do not support a finding of substantial justification or harmlessness. As to the first factor, plaintiff was presumably surprised when defendants submitted the supplemental report on the final day of discovery, given that it contained new expert opinions. The report, however, does appear to be consistent with defendants' litigation position. See In re Mercedes-Benz Antitrust Litigation, No. 99–4311, 2006 WL 2129100, at *9 (D. N.J. July 26, 2006) (surprise to opposing party is minimal when new information is entirely consistent with party's position throughout litigation). And as to the last factor, defendants have not provided any explanation for its belated disclosure of the expert report, other than the argument that the report was compliant with Rule 26(e), an argument which I have rejected.

The remaining three factors, however, support the conclusion that exclusion is not warranted. Given that no trial date has been scheduled and summary judgment briefing has been stayed pending the resolution of other pending motions that have not been fully briefed, there is ample time to cure any surprise. See SAS Institute Inc. v. Akin Gump Strauss Hauer & Field, LLP, 2012 WL 12914641, *4 (E.D.N.C. Dec. 11, 2012) ("Courts within the Fourth Circuit

generally deny motions to strike in cases where the surprise is curable.") Moreover, there is no question that the evidence at issue is important, as it pertains to the conclusions reached by the parties' experts on the core issue in the case, whether gender discrimination occurred. Given the schedule in this case, there is ample time to cure any surprise. Any potential prejudice to plaintiff can be cured by allowing plaintiff : (1) to depose Dr. Bronars solely on his new opinions at defendants' expense; and (2) to submit a rebuttal report from its own expert addressing Dr. Bronars' new opinions. In sum, exclusion of Dr. Bronars' supplemental report is not warranted.

## IV. Conclusion

For the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiff's Motion (ECF No. 200) is DENIED.

2. Plaintiff shall be permitted to depose Dr. Bronars for the limited purpose of inquiring as to the opinions offered by Dr. Bronars' in his supplemental report. This deposition will be limited to 2 hours and, unless otherwise agreed to by the parties, should occur by no later **August 31, 2018.**

3. Plaintiff may produce a final rebuttal report by Dr. Sisolak for the limited purpose of rebutting the opinions offered in Dr. Bronars' supplemental report. Unless otherwise agreed to by the parties, this final report is due by no later than **September 28, 2018.**

4. Any expert fees and costs incurred by the plaintiffs as a result of Dr. Bronars' deposition shall be paid for by defendants.

Date:   July 27, 2018                                        /s/
                                                   Beth P. Gesner
                                                   Chief United States Magistrate Judge