## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY      *
COMMISSION

          *

     v.                                     Civil No. CCB-13-1712

          *

PERFORMANCE FOOD GROUP, INC.,

************

### MEMORANDUM

On March 6, 2019, Chief Magistrate Judge Beth Gesner issued a comprehensive memorandum opinion and order (ECF Nos. 225, 226) resolving the plaintiff Equal Employment Opportunity Commission's ("EEOC") motion for sanctions for spoliation of paper applicant files (ECF No. 203) and its motion for sanctions for spoliation of ESI (ECF No. 205). The EEOC filed objections to many of those rulings (ECF No. 229), and the objections have been fully briefed. For the reasons explained below, the EEOC's objections will be denied, and Judge Gesner's rulings will be affirmed.

Preliminarily, the EEOC asserts that *de novo* review is required insofar as the magistrate judge ruled on (and denied) requests for "dispositive" sanctions, specifically a limited default judgment and denial of the defendant Performance Food Group, Inc.'s ("PFG") right to file a summary judgment motion. Because no dispositive sanction was recommended, however, it appears that Federal Rule of Civil Procedure 72(a) provides the correct standard, such that the district judge reviews the rulings objected to for clear error or being contrary to law. Fed. R. Civ. Proc. 72(a). It is not necessary to resolve this issue, however, because Judge Gesner's rulings would be upheld under either standard.

First, as to the spoliation of paper applications, Judge Gesner correctly analyzed and applied Fourth Circuit law relating to willfulness and bad faith as those degrees of culpability are balanced with prejudice in deciding whether the extreme or serious sanctions of a limited default judgment or imposing an adverse inference are warranted. I agree with Judge Gesner that those sanctions are not warranted on

the present record.[1]    Further, her determination as to the accrual date of the defendant's duty to retain documents was not erroneous, nor was it necessary for her to determine whether PFG's conduct amounted to gross negligence.

Second, the magistrate judge also correctly ruled that nothing in the record warrants the virtually unprecedented sanction of denying PFG the right to even file a motion for summary judgment as to certain Phase I and Phase II claimants.  As to whether any preclusion of evidence would be warranted in connection with summary judgment, *Daubert* motions, or trial, Judge Gesner appropriately denied the request as premature.  (ECF No. 225 at 21, 37)

Third, as to ESI spoliation, Judge Gesner's careful consideration of the facts and the ESI protocol supports her finding that the EEOC failed to show that custodian emails which should have been preserved were not.  (*Id.* at 34)

In summary, whether considered under Federal Rule of Civil Procedure 72(a) or *de novo* review, Judge Gesner's rulings are well supported by the factual record and Fourth Circuit law.  The EEOC's objections will be **Overruled** and **Denied**.  A separate Order follows.

_____  6/14/19
Date

_____  *CCB*
Catherine C. Blake
United States District Judge

---

[1] I note that Judge Gesner appropriately reserved ruling on the issue of whether the unavailability of those documents will prejudice the EEOC's ability to present expert witness testimony.