**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

Civil Action No.  **1:13-cv-01712-CCB**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

               **Plaintiff,**

     **v.**

**PERFORMANCE FOOD GROUP, INC.,**

               **Defendant.**

---

**CONSENT DECREE**

---

## <u>TABLE OF CONTENTS</u>

Page

I.     RECITALS ................................................................................................... 1

II.    JURISDICTION ......................................................................................... 2

III.   DEFINITIONS ........................................................................................... 3

IV.    GENERAL PROVISIONS ..........................................................................5

V.     CLAIMS RESOLVED AND EFFECT OF CONSENT DECREE..............6

VI.    AFFIRMATIVE RELIEF ......................................................................... 6

VII.   MONETARY RELIEF ..............................................................................17

VIII.  REPORTING .............................................................................................. 22

IX.    ENFORCEMENT OF CONSENT DECREE ........................................... 24

X.     MISCELLANEOUS PROVISIONS. .........................................................26

XI.    SIGNATURES. ......................................................................................... 27

# I.  RECITALS

1.  This civil action was instituted by Plaintiff, the Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), an agency of the United States, alleging that Defendant Performance Food Group, Inc. ("Defendant" or "PFG") engaged in unlawful employment practices, in violation of Section 703(a)(1) and (a)(2) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e-2(a)(1) and (a)(2) ("Title VII"). Plaintiff specifically alleged that since at least January 1, 2004, Defendant has engaged in an ongoing pattern or practice of failing to hire a class of female applicants for operative positions at its Broadline facilities. Plaintiff further alleged that in or around February 2007, Defendant failed to promote Julie Lawrence into the position of Nighttime Warehouse Training Supervisor at its Carroll County Foods facility in Maryland on the basis of her sex.  Defendant denies that it has engaged in a pattern or practice of sex discrimination as alleged in the complaint and that it failed to promote Ms. Lawrence because of her sex.

2.  The Parties (defined in Section III, below), desiring to settle this action by an appropriate Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter this Consent Decree enforceable against PFG.

3.  As a result of settlement discussions, the Parties agree that settlement of these matters without further protracted, expensive, and unnecessary litigation is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving this civil action. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law.

4.      In agreeing to the terms of this Consent Decree, the EEOC and Defendant, acting by and

through their counsel, engaged in arms' length negotiations and a significant exchange of

information. The Parties have obtained sufficient information to assess reliably the

relative merits of the claims and defenses. Throughout this process, the EEOC and

Defendant were represented by counsel knowledgeable in this area of law.

5.      This Consent Decree is final and binding upon Plaintiff, Defendant and its successors

and assigns.

6.      Defendant agrees that Plaintiff has named as Defendant all the necessary parties required

to provide the full monetary, injunctive and other equitable relief ordered by this Decree.

In the event that there is a transfer of ownership of Defendant during the Term of the

Decree, Defendant shall provide prior written notice to any potential purchaser of

Defendant's business of the existence and contents of this Consent Decree if as part of

said transaction the employees of the OpCos (as defined herein) will become employed

by the purchaser.

7.      This Court, having carefully examined the terms and provisions of this Consent Decree

and based on the pleadings on the record in this action, finds that the terms of this

Consent Decree are adequate, fair, and reasonable, that the Consent Decree conforms

with the Federal Rules of Civil Procedure and is not in derogation of the rights or

privileges of any person or any party, and that approval of this Consent Decree will

further the objectives of Title VII.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

## II.  JURISDICTION

8.      The EEOC and Defendant agree that this Court has jurisdiction over the subject matter of

this litigation and the Parties for the duration of this Consent Decree, venue is proper, and

all administrative prerequisites have been met.

9.     The EEOC's Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Consent Decree against PFG.  The Court shall retain jurisdiction of this action for the duration of the Consent Decree for the purposes of entering all orders, judgments and Consent Decrees which may be necessary to implement the relief provided herein.

### III.  DEFINITIONS

10.    The following terms, when used in this Consent Decree, shall have the following meanings as set forth below. All terms defined in the singular shall have the same meaning when used in the plural, and all terms defined in the plural shall have the same meaning when used in the singular.

A.     **"Class Member" –** All persons who (1) are female; (2) sought employment at one of the OpCos in a selector or driver position any time from January 1, 2004 through December 31, 2013; (3) previously expressed an interest in participating in EEOC's lawsuit; (4) and were previously informed by the EEOC that they were a Class Member in the lawsuit. For purposes of monetary relief only, Class Member shall also include those individuals identified by the EEOC as applying for certain forklift positions and were previously informed by the EEOC that they were a Class Member in the lawsuit.  For purposes of affirmative hiring relief only, Class Member shall not include an individual who was employed at one of the OpCos in a selector or driver position any time from January 1, 2004 through December 31, 2013.

B.     **"Class Member Distribution List" –** The list of Class Members and the amount of each such Class Member's Monetary Award.

C.     **"Consent Decree" –** This Consent Decree, embodying the terms of the Parties' settlement, including all of the Exhibits attached thereto.

D.     **"Defendant" –** The named Defendant in this action, Performance Food Group, Inc.

E.     **"Effective Date" -** The Effective Date of this Consent Decree is the date on which the Court gives final approval to the Consent Decree.

F.     **"Good Faith Efforts" –** Good Faith Efforts means reasonably and in good faith implementing a plan to comply with all of the specific objectives to which the best efforts are directed.

G.     **"Monetary Award" –** The settlement amount which the EEOC determines will be paid to a particular Class Member.

H.     **"OpCo" or "OpCos" –** One or all of the following, except that the provisions of Sections VI and VIII shall not apply to "McGee":

1.  AFI located at 1 Ikea Drive, Elizabeth, NJ 07207;
2.  Batesville located at 506 Highway 35 N, Batesville, MS 38606;
3.  Caro located at 2324 Bayou Blue Rd., Houma, LA 70364;
4.  Carroll County Foods located at 1333 Avondale Rd., New Windsor, MD 21776;
5.  Empire located at 3595 NW 125 St., Miami, FL 33167;
6.  Florence located at 2801 Alex Lee Blvd., Florence, SC 29506;
7.  Florida located at 3150 North Gallagher Rd., Dover, FL 33527;
8.  Fox River located at 5030 Baseline Road, Montgomery, IL 60538;
9.  Hale located at 5262 Air Park Blvd., Morristown, TN 37813;
10. Hickory located at 543 12th Street Drive, NW, Hickory, NC 28603-2947;
11. Ledyard located at 1047 17th Avenue, Santa Cruz, CA 95062;
12. Lester located at 401 Maddox Simpson Pkwy, Lebanon, TN 37090;
13. Little Rock located at 4901 Asher Ave., Little Rock, AR 72204;
14. McGee formerly located at 1800 Simpson Highway 49, Magee, MS 3911;
15. Middendorf located at 3737 North Broadway, St. Louis, MO 63147;
16. Milton's located at 3501 Old Oakwood Rd., Oakwood, GA 30566;
17. North Center located at 20 Dalton Road, Augusta, ME 04338;
18. Powell located at 211 Alton Hall Rd., Cairo, GA 39828;
19. Somerset located at 910 Highway 46, Somerset, KY 42503;
20. Springfield located at One Performance Blvd., Springfield, MA 01104;
21. Temple located at 4141 Lucius McCelvey Dr., Temple, TX 76504;
22. Thoms Proestler Co. (TPC) located at 8001 TPC Rd., Rock Island, IL 61201;

4

23. VFG located at 7420 Ranco Road, PO Box 28010, Richmond, VA 23228; and

24. Victoria located at 204 North Brownson, Victoria, TX 77901.

**I.**     "**Parties**" - The Parties to this Consent Decree are Plaintiff, U.S. Equal

Employment Opportunity Commission ("EEOC"), and Defendant Performance

Food Group, Inc. ("PFG").

**J.**     **"Settlement Administrator"** – The agent, company, or individual retained to

carry out the functions necessary to administer and distribute the Class Settlement

Fund, as more specifically provided in Paragraphs 31-37, below.

**K.**     **"Underlying Charges of Discrimination"** – The EEOC charges filed by Julie

Lawrence, Kyle Gardner and Jason Geib which serve as the jurisdictional basis

for the EEOC's Complaint.

**L.**     **"Qualified"** – Qualified shall mean that the applicant meets the minimum

qualifications set forth in a job description or job posting.

### IV.  GENERAL PROVISIONS

**11.**     **Scope -** This Consent Decree covers all of the OpCos as defined in Section III.10.H.

**12.**     **Term of Consent Decree -** This Consent Decree shall remain in effect for five years

subsequent to the Effective Date.

**13.**     **Compliance with Federal EEO Laws -** Nothing in this Consent Decree shall be

construed to limit or reduce PFG's obligation to comply with the statutes enforced by the

EEOC, including Title VII.

**14.**     **Complete Consent Decree -** This Consent Decree constitutes the complete

understanding among the Parties with respect to the matters herein.

**15.**     **Severability -** If one or more provisions of this Consent Decree are rendered unlawful or

unenforceable by act of Congress or by decision of the United States Supreme Court, the

Parties shall attempt to agree upon what amendments to this Consent Decree, if any, are

appropriate to effectuate the purposes of this Consent Decree. In any event, the

unaffected provisions will remain enforceable.

## V.  CLAIMS RESOLVED AND EFFECT OF CONSENT DECREE

16.    **EEOC Claims Resolved and Rights Reserved** – This Decree resolves all issues and

claims in the Complaint and Underlying Charges of Discrimination.

17.    **Agreement Not to Litigate Resolved Issues** - The EEOC agrees that it will not use any

of the Underlying Charges of Discrimination as a basis for subsequent litigation by the

EEOC.

## VI.  AFFIRMATIVE RELIEF

18.    **Injunction**

18.01   **No Discrimination -** During the term of this Consent Decree, Defendant is

enjoined from discriminating against females by failing to hire them for selector

or driver positions at the OpCos because of their sex.

18.02   **No Retaliation -** During the term of this Consent Decree, Defendant is enjoined

from retaliating against any individual (i) because of his or her participation in

the investigation by the EEOC into this matter; (ii) because of his or her

participation in this lawsuit; or (iii) because of his or her asserting any rights

under this Consent Decree.

18.03   **Record Retention –** During the term of this Consent Decree, Defendant is

enjoined from failing to maintain all applications and employment records as

required by Section 709(c) of Title VII, 42 U.S.C. § 1602.14.

19.    **Hiring Vice President of Diversity and Inclusion**

19.01   PFG will hire a Vice President of Diversity and Inclusion who will serve as

PFG's organizational leader to drive the vision, strategy and execution for

PFG's national diversity, equity and inclusion initiatives, including promoting employment opportunities for females into the selector and driver positions.

19.02   Reporting directly to PFG's Senior Vice President and Chief Human Resources Officer, the Vice President of Diversity and Inclusion will be tasked with overseeing the company's compliance with the terms of this Consent Decree, as well as with ensuring accuracy of the company's reporting.

19.03   The Vice President of Diversity and Inclusion shall possess the knowledge, capability, organizational authority, and resources to monitor and ensure PFG's compliance with the terms of the Consent Decree. The Vice President of Diversity and Inclusion also shall have a reasonable base of knowledge regarding Title VII and human resource management. PFG will provide the EEOC with a copy of the curriculum vitae of the Vice President of Diversity and Inclusion.

19.04   PFG shall assign the Vice President of Diversity and Inclusion the responsibility of monitoring and ensuring Decree compliance and shall further hold the individual accountable for carrying out his or her responsibilities. PFG shall ensure that the Vice President of Diversity and Inclusion receives all training and assistance necessary to carry out his or her duties in a proficient manner. To the extent the Vice President of Diversity and Inclusion requires technical assistance to enable him or her to proficiently perform a specific function, PFG shall ensure that such assistance is provided by their own qualified personnel or, in the alternative, third-party consultants.

**19.05   Replacement of the Vice President of Diversity and Inclusion** – In the event the Vice President of Diversity and Inclusion's employment with PFG ends during the term of the Consent Decree, PFG will hire another individual who meets the qualifications specified in Section VI.19.03 to serve as the Vice President of Diversity and Inclusion. While the position is vacant, the Senior Vice President & Chief Human Resources Officer or her designee will oversee the company's compliance with the terms of this Consent Decree.

**19.06   Vice President of Diversity and Inclusion Responsibilities -** During the term of the Consent Decree, the Vice President of Diversity and Inclusion will have the following responsibilities:

- Evaluate whether PFG has taken appropriate and reasonable action to ensure that hiring decisions for selector and driver positions in the OpCos are made without regard to sex;

- Review the qualifications for selector and driver positions in the OpCos to ensure that they are defined, uniform, objective, and job-related;

- Review records documenting complaints of discrimination based on sex, including oral and written complaints, charges of discrimination, and investigative records relating to such complaints;

- Review the data identified in Paragraph 39 below to assess whether the data therein suggest any potential sex discrimination. Where the data so suggests, conduct a good faith, reasonably diligent internal investigation of the circumstances to determine whether Defendant's personnel acted in conformity with Title VII and with Defendant's own relevant policies;

- Evaluate whether PFG has taken appropriate and reasonable action to protect female employees from sex discrimination, including sex-based hostile work environment and/or sex harassment and retaliation; and

- Meet at least monthly with PFG staff with responsibilities for ensuring compliance with this Consent Decree.

**20.**    **Hiring Relief**

20.01    To ameliorate past conduct alleged by EEOC, Defendant shall use Good Faith

Efforts to meet the following Offer Goals for females:

20.01.1    With respect to new Selectors, the Offer Goal will be equal to the

yearly percentage of qualified applicants for the selector position at all

OpCos who are female.

20.01.2    With respect to new drivers, the Offer Goal will be equal to the yearly

percentage of qualified applicants for drivers at all OpCos who are

female.

20.01.3    Defendant shall always have the right to offer employment and hire

who it considers to be the best qualified candidate so long as

Defendant uses Good Faith Efforts to meet the foregoing Offer Goals.

20.01.4    "Offer" for purposes of this section shall include offers for a full-

time or part-time job, whether permanent, temporary or seasonal.

Offer Goals shall not be applicable to the transfer of an employee

from one job title to another.

20.01.5    Defendant shall use a voluntary self-identification form to identify the

sex of applicants. The voluntary self-identification form shall be

maintained separately from the applicant's other application materials.

The voluntary self-identification form shall not be provided to any

individual who makes or has input into decisions regarding whether to

interview or hire an applicant prior to such decisions; however, such

documents may be provided to such individuals afterwards as part of

Defendant's recordkeeping and reporting obligations described herein,

and such documents may be provided to employees working in Defendant's corporate offices relating to Defendant's reporting obligations.

**20.02**   **Class Member Hiring Preference –** Within 60 days of the Effective Date, EEOC will provide PFG with an initial list of Class Members interested in Selector or Driver Positions who were not employed at one of the OpCos in a Selector or Driver Position any time from January 1, 2004 through December 31, 2013.  EEOC will provide Defendant with a supplemental list of interested Class Members who were not employed at one of the OpCos within 120 days of the Effective Date.

**20.02.1**   In order to fulfill its obligation to use Good Faith Efforts to meet its Offer Goals, Defendant will have discretion to select among qualified female applicants subject to a "Class Member Hiring Preference." If there is a Qualified Female applicant who was a Class Member in this litigation, Defendant will offer a job to that Qualified Female Class Member before offering it to another Qualified Female applicant who was not a Class Member. If there is more than one Qualified Female Class Member, PFG will have the discretion to select among them. If a Qualified Female Class Member refuses a position, she will lose the "Class Member hiring preference."

**20.02.2**   With respect to Class Members interested in employment identified to PFG pursuant to Paragraph 20.02.1 and all other female applicants for selector and driver positions, PFG shall maintain their applications and screen and interview them in the same manner and based on the

10

same standards they do for all other applicants. PFG may not subject the female Class Members interested in employment to a different application process or require that they submit different or additional application materials than that required of all other applicants.

**21.    Recruiting**

**21.01**   PFG shall engage in good faith efforts to provide equal employment opportunity in its selector and driver workforce at the OpCos by conducting affirmative recruitment activities towards qualified female applicants, in addition to whatever other non-discriminatory recruitment activities PFG desires to conduct. In pursuit of this endeavor, PFG shall engage in the following activities:

**21.01.1**   Provide to local educational and vocational institutions from which Defendant has recruited applicants or employees, a written notice that states that Defendant is an equal opportunity employer and that the educational institution should encourage students of both sexes to apply for employment with Defendant;

**21.01.2**   Join and seek recruiting recommendations from organizations which are dedicated to the inclusion of women in selector and driver positions, including but not limited to Women In Trucking Association (www.womenintrucking.org);

**21.01.3**   Strategically place job advertisements in media designed to reach women seeking employment in selector and driver positions, including but not limited to posting job vacancies on the online job board at www.womenintrucking.org and regularly advertising in "Redefining the Road," the official magazine of the Women in

Trucking Association;

21.01.4   Employ full-time recruiters who as part of their responsibilities are charged with promoting equal employment opportunities for female applicants who meet the eligibility requirements for selector and driver;

21.01.5   Feature females on its marketing and advertising materials pertaining to selector and driver positions;

21.01.6   Develop an equal employment opportunity section in PFG's website discussing job opportunities and inclusion efforts;

21.01.7   Create a program to attract current female employees into driver helper and/or driver positions.

22.   **Communication to Third-Party Temporary Employment or Staffing Agencies**

22.01   Within forty-five calendar days of Effective Date, Defendant shall communicate in writing to all employment or staffing agencies that the OpCos use to provide any personnel to work in selector or drivers positions at the OpCos that Defendant has entered into a Consent Decree barring it from engaging in discrimination on the basis of sex in hiring, that female applicants for selector and driver positions are welcome and should be referred in the same manner as male applicants, and that female applicants will be considered for employment.

22.02   Within seventy-five calendar days of the Effective Date, Defendant shall certify in writing to EEOC that the communication referred to in Paragraph 22.01 has been provided to the required staffing employment agencies and shall identify the employment and staffing agencies to which the communication was provided.

12

22.03   The decision whether to use staffing or employment agencies for the hiring of individuals for selector and driver positions remains with Defendant. But the use by Defendant of such agencies (including the data such agencies collect regarding applicant flow) shall not in any way relieve, reduce or otherwise affect Defendant's obligations with respect to meeting the Offer Goals or any other obligation under this Decree nor be relied upon in any way for not meeting the Offer Goals or using Good Faith Efforts.

23.   **Hiring Procedures**

23.01   As of the Effective Date, PFG shall have in place for all selector and driver positions in the OpCos a written, predetermined hiring procedure to ensure that applicants are evaluated objectively based upon their qualifications and interest in open positions and not sex.

23.02   As of the Effective Date, PFG shall have in place written objective hiring criteria which expressly prohibit hiring decisions based on sex. Defendant shall provide the EEOC with a copy of the objective criteria for selector and driver positions at the OpCos. To the extent the objective criteria changes from time to time, Defendant shall provide that objective criteria to EEOC as well.

24.   **Employee Retention**

24.01   PFG shall engage in Good Faith Efforts to ensure that the workplace environment in the OpCos is free of harassment and sex-bias.

24.02   PFG shall conduct exit interviews with all employees departing from selector and driver positions, provided they are willing to be interviewed, and record the reason for departure.

24.03   On a semi-annual basis, PFG shall analyze the turnover rate for selector and

13

driver positions by sex and to engage in Good Faith Efforts to determine the reason for any disparity between men and women.

**25.    Performance Evaluations**

25.01    Within ninety (90) calendar days of the Effective Date of this Decree, PFG shall revise performance evaluations for the following management positions to include measures of performance for: (1) compliance with PFG's Equal Employment Opportunity Policy and Discrimination and Harassment Policy; and (2) efforts to meet Offer Goals and to comply with other provisions of this Decree: VP Diversity and Inclusion; President & CEO, Performance Foodservice; SVP HR, Performance Foodservice; Regional VP HR, Performance Foodservice; Director HR, Performance Foodservice; Regional Presidents; SVP Operations; Regional VP Operations, Performance Foodservice;  and for each OpCo, the President, Executive VP, VP of Operations, the Director/Manager of Operations, Transportation and Warehouse, the VP of Human Resources, and the Director/Manager of Human Resources. The results of such evaluation factors shall have a meaningful impact upon compensation and/or bonus calculation. The revised performance evaluations will be implemented for the performance cycle beginning July 2021.

25.02    Within 120 calendar days of the Effective Date of this Decree, PFG shall submit copies of the revised performance evaluations to the EEOC.

25.03    On at least an annual basis, the Vice President of Diversity and Inclusion shall have a discussion with the individuals in the management positions identified in Section VI.25.01 to review whether Offer Goals have been met.

25.04    In considering an individual for promotion to any of the management positions
listed in Section VI.25.01, the Company shall consider, among other things, the
individual's performance evaluations, including, but not limited to the
individual's compliance with PFG's Equal Employment Opportunity Policy
and Discrimination and Harassment Policy and efforts to meet Offer Goals and
to comply with other provisions of this Decree.

26.    **Non-Employment of Dan Peckskamp and David Russ**

26.01    PFG shall not reemploy former Vice President of Operations Dan Peckskamp and
former Regional Vice President of Operations David Russ in any capacity
(including consulting work).

27.    **Title VII Training**

27.01    Within 120 days from the Effective Date, and every year thereafter for the
duration of this Decree, Defendant will provide two (2) hours of training
regarding Title VII to the management positions identified in Section
VI.25.01 and one hour of training to all other managers, human resources
professionals or employees who have any responsibility for hiring selectors
and/or drivers at any of the OpCos (including by having input into or
deciding which applicants to hire, interviewing applicants, or making hiring
decisions).

27.02    The Title VII training will be conducted by individuals selected by the Vice
President of Diversity and Inclusion. The training will cover all areas of
prohibited Title VII, but will include special emphasis on sex bias, harassment
and discrimination. The Company will provide the EEOC with the curriculum
vitae of the individuals selected to provide the training.

27.03   Defendant will maintain attendance records identifying the name and job title of the attendees at each session.

27.04   Within thirty calendar days after each training session,  Defendant shall certify in writing to the EEOC that the training has taken place and that the required personnel have attended. Such certification(s) shall include: (a) the date, location and duration of the training; and (b) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

27.05   Within thirty calendar days after each training session has occurred, Defendant shall provide the EEOC with copies of any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## 28.   EEO-1 Reporting

28.01   PFG will continue to file EEO-1 reports annually. In doing so, PFG shall properly classify its positions consistent with EEOC's EEO-1 Job Classification guidelines.

## 29.   Consent Decree Notice and Posting

29.01   **Posting -** Within sixty (60) days of the Effective Date of this Consent Decree, PFG shall conspicuously post the Notice of Final Approval of Settlement ("Notice"), attached hereto as Exhibit A, in all OpCos where all other employee-related notices are posted.

29.02   **Orientation on Consent Decree -** Prior to posting the Notice required in the preceding Paragraph 29.01, PFG shall conduct orientation meetings for the individuals in the management positions identified in Section VI.25.01 and all persons with job duties related to the screening and hiring for selector and driver positions at any of the OpCos. Additionally, PFG shall inform all such

persons that any breach of, or failure to comply with, the terms and conditions set forth in this Consent Decree shall subject them to dismissal or other appropriate disciplinary action. This training may be by videotape, internet, or closed-circuit presentation models.

## VII.  MONETARY RELIEF

30. **Relief to Charging Party Julie Lawrence –** PFG shall pay the total settlement amount of $75,000 to Julie Lawrence.

    30.01    One check shall be in the amount of $13,427.26, less applicable withholdings, which shall be for back pay and for which Defendant will issue the appropriate IRS W-2 Form for the 2020 tax year. Defendant shall administer proper withholdings from the back pay portion of the payment for taxes and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

    30.02    The second check shall be in the amount of $61,572.74, which shall be for compensatory and punitive damages and for which Defendant shall issue an IRS 1099 Form for the 2021 tax year.

    30.03    Defendant shall make payment by issuing these checks directly to Julie Lawrence with a copy of the checks and related correspondence to the EEOC. Payment of said amounts shall be made within forty-five (45) days of the Effective Date and Defendant shall mail the checks to Julie Lawrence at an address to be provided by the EEOC. Within ten days after the checks have been sent, Defendant shall provide the EEOC with a copy of the checks and proof of their delivery to Ms. Lawrence.

31. **Settlement Commitment of PFG and Establishment of a Class Settlement Fund –** PFG will pay the total amount of $5,000,000 (the "Settlement Commitment") for the purpose of resolving all class claims that were made against PFG in this civil action.

32. **Selection of Settlement Administrator –** The parties have agreed to appoint Rust Consulting as the Administrator of the Settlement Fund ("Settlement Administrator"). PFG will pay for the services of the Settlement Administrator.

33. **Establishment of a Section 468(b) Qualified Settlement Fund –** The Settlement Administrator will establish a Qualified Settlement Fund pursuant to IRC Section 468(b) ("QSF"). The Settlement Administrator will be the Qualified Settlement Fund's "administrator" as that term is used in Treas. Reg. § 1.468B-2(k)(3).

34. **Duties of the Settlement Administrator -** The Settlement Administrator will:

   34.01   Establish an interest bearing Settlement Fund Account under the qualified Settlement Fund's federal employer identification number ("FEIN") for purposes of disbursing money from the Qualified Settlement Fund.

   34.02   Prepare and send notices required under this Consent Decree, receive and process forms and other communications from Class Members and provide reports and documents to the Parties as necessary for administration of the Settlement Funds.

   34.03   Facilitate making payments to the Class Members.

   34.04   After all settlement funds have been distributed, the Settlement Administrator shall provide the EEOC and PFG with copies of the checks.

35. **Settlement Administrator Duties With Respect to Taxes -** The Parties have apportioned 75% of each payment to a Class Member as wages and 25% as non-wage compensation. The Settlement Administrator will pay the wage amounts net of all applicable employment taxes, including federal, state and local income tax withholding

18

and the employee share of the FICA (social security) tax, and will report the wages and withheld amounts to the IRS and the Class Member under the Qualified Settlement Fund's FEIN on an IRS Form W-2. The Settlement Administrator will pay the non-wage compensation without withholding and will report the non-wage compensation amounts to the IRS and the Class Member under the Qualified Settlement Fund's FEIN on an IRS Form 1099-MISC. Class Members will be solely responsible for all taxes due with respect to the amounts received pursuant to this Settlement Agreement (other than the employer share of the FICA tax and any federal or state unemployment tax payable by the employer). The Settlement Administrator will pay the employer share of the FICA tax and any federal or state unemployment tax owed with respect to the wage portion of the payments to the Class Members from additional funds transferred by PFG to the Qualified Settlement Fund for this purpose.

**36.** **Funding the Settlement Fund Account**

**36.01** Within sixty (60) days of the Effective Date of this Consent Decree, PFG shall deposit the Settlement Commitment described in Paragraph 31, above, in the Qualified Settlement Fund.

**37.** **Administration of Class Settlement**

**37.01** **EEOC Class Member Distribution List** – Within ninety (90) days of the Effective Date of this Consent Decree,  EEOC will provide PFG and the Settlement Administrator with a Class Member Distribution List.

**37.02** **Notice of Determination -** Within thirty (30) days of when EEOC issues the Class Member Distribution List as provided in Paragraph 36.01 above, the Settlement Administrator will send each Class Member by First Class Mail a Notice of Determination drafted by the EEOC and approved by PFG, advising

19

the Class Member of the monetary award amount and instructions for accepting

the award, including a clear statement of the deadline for accepting. The Notice

of Determination will be sent with a return envelope.

**37.03    Deadline for Acceptance -** The deadline for acceptance of the Determination by

the Class Member will be the thirtieth (30th) day after the date the Notice of

Determination is mailed by the Settlement Administrator ("Acceptance

Deadline"). If the deadline day falls on a weekend day or federal holiday, the

Acceptance Deadline will be the next business day after such weekend day or

holiday. If a Class Member does not return her acceptance of the Determination

by the Acceptance Deadline, the Class Member shall receive no payments under

this Decree and the monies allocated to the Class Member will be distributed in

accordance with Paragraph 37.08.

**37.04**    The Settlement Administrator shall issue checks to the Class Members within

thirty (30) calendar days of the Acceptance Deadline.

**37.05**    For Class Members whose Notices are returned by the U.S. Postal Service as

undeliverable, the Settlement Administrator will perform one (1) address search

per individual and re-mail the Notices once to those for whom a potentially new

address can be found, and will also notify the EEOC.

**37.06**    The Settlement Administrator shall promptly notify the EEOC of any checks that

are returned or are not cashed after a period of one-hundred eighty (180) calendar

days have elapsed from the date on which the settlement checks were mailed, and

the EEOC shall immediately notify Defendant in writing of the same.  In the

event that any Class Member's check is undeliverable or uncashed, and the

Settlement Administrator and the EEOC determine that the Class Member cannot

be located, the missing Class Member shall receive no payments under this

20

Decree.  In the event that any portion of the QSF has been allocated to a missing Class Member, and therefore cannot be distributed to the missing Class Member, one-hundred fifty (150) calendar days after the checks were originally mailed, the balance of the QSF shall be distributed in accordance with Paragraph 37.08.

37.07   Monetary payments shall be made on behalf of deceased Class Members through representatives of their estate or next of kin if the Settlement Administrator determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided, along with the other documentation required as a condition for payment.  Any sums paid to a deceased Class Member shall be made payable to the estate of the deceased Class Member, or if no estate exists, to the decedent's next of kin, assuming all legal requirements are met prior to such payments.

37.08   If there are any additional unallocated funds remaining in the QSF after distribution to all Class Members, the Settlement Administrator shall extinguish the residual fund balance and distribute the remainder as a donation by Defendant to one or more public or not-for-profit organizations that are primarily devoted to the inclusion of females in traditionally male industries, including, but not limited to education institutions, and/or education scholarships, and/or internships or job training for females.  The organizations will be determined by the EEOC and PFG, and the amounts paid to each will be determined by the EEOC. The EEOC will provide the Settlement Administrator with the names of the organizations and the amounts paid to each.  In no event shall there be any reversion of any part of the settlement funds to Defendant or to the EEOC.

## VIII.  REPORTING

38.   **Preliminary Reporting -** Within one hundred eighty (180) days of the Effective Date of this Consent Decree, PFG shall provide the EEOC with the following:

- •   verification that the revised performance evaluations have been implemented as required by Paragraph 25;

- •   certification of employee attendance for all EEO training conducted pursuant to this Consent Decree as required by Paragraph 27;

- •   Verification that the Notice has been posted as required under Paragraph 29.01;

- •   Verification that the Consent Decree orientation has been conducted as required under Paragraph 29.02.

39.   **Semi-Annual Reporting:** Within one hundred eighty (180) days of Effective Date, and at six (6) month intervals thereafter for the duration of the Decree, Defendant shall provide Semi-Annual Reports to the EEOC. Defendant's final Semi-Annual Report shall be due 60 days before the expiration of the Decree. Defendant's Semi-Annual Reports shall include information regarding the following:

39.01   Progress in reaching the Offer Goals. Defendant will indicate any shortfalls in achieving the Offer Goals and will analyze the possible reasons for such shortfall, and will identify plans to facilitate achievement of the Initial Offer Goals;

39.02   To the extent that the information is reasonably available to PFG, a database containing for each driver and selector requisition closed within the six month period, the following information for each applicant: the name; sex; social security number; address; telephone number; position applied for; the requisition number to which the application was submitted; the date and time

the application was submitted; location of position applied for; whether the application was viewed; qualifications of the applicant as submitted in their application (e.g., previous experience, whether the applicant has a commercial driver license) that PFG considers when making job offer decision under the requisition or job posting; interview date; date of job offer and position offered; whether a job offer was accepted or rejected; whether an applicant withdrew from the application process; whether an applicant failed to respond to an interview request; hire date; and if applicable, the reason for rejection if not given a job offer (including the qualification(s) not met for those applicants who were rejected for failing to meet qualifications for the job they applied to). The database shall also include, for any selector or driver hired and terminated during the six-month reporting period, the date of termination and the reason for the termination;

**39.03** The identification of Qualified Female Class Members hired, including the name, date of hire and position title for each;

**39.04** In order to assess Offer Goals, standard deviations will be calculated using a multivariate regression approach with controls for each OpCo, reporting time period, and identified factors considered for offers. With respect to Selectors, the Offer Goal will be considered "equal to" if the percentage of offers to females for Selector positions is within the statistical margin of error (two standard deviations) of the expected yearly percentage of offers to females based on the regression model.  With respect to Drivers, the Offer Goal will be considered "equal to" if the percentage of offers to females for Driver positions is within the statistical margin of error (two standard deviations) of the

23

expected yearly percentage of offers to females based on the regression model;

**39.05**   A description of Defendant's efforts to recruit female applicants for selector and driver positions at the OpCos;

**39.06**   A description of all complaints or reports to management or human resources, oral or written, of sex discrimination, harassment, or retaliation at any of the OpCos which involved women in selector or driver positions, and what action if any, Defendant took to resolve the matter;

**39.07**   With respect to selector and driver positions at the OpCos, a description of changes, if any, made during the reporting period to Defendant's application, interviewing, and hiring procedures, job descriptions, or qualifications or hiring criteria;

**39.08**   Certification that the Notices remain posted as required by Section  VI.29.01. If the location of posting or method or manner in which Defendant has complied with Section VI.29.01 has changed during the reporting period, Defendant shall describe those changes.

**40.**   **Additional Data -** The EEOC shall have the right to request additional data from PFG, so long as the information sought is necessary and consistent with the monitoring of the Consent Decree and is not unduly burdensome for PFG to produce. PFG shall comply with a request for additional data within forty-five (45) days of the request. Any disputes regarding the propriety of any request for additional data shall be resolved by the Court as provided in Section IX ("Enforcement of Consent Decree).

## IX.  ENFORCEMENT OF CONSENT DECREE

**41.**   **Enforcement by EEOC -** If EEOC concludes that PFG has breached this Consent Decree, EEOC may seek relief from the Court for the alleged breach.

**42.** **Requirement of Informal Resolution Efforts**

**42.01** **Notice of Dispute -** Prior to initiating an action to enforce the Consent Decree, the moving party will provide written notice to all other Parties regarding the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a reasonable request for documents or information relevant to the dispute.

**42.02** **Response to Notice of Dispute -** Within sixty (60) days after service of the Notice of Dispute, PFG will provide a written response and provide the requested documents or information. The EEOC may also submit responses within fourteen (14) days after service of the Notice.

**42.03** **Service -** Service of the Notice of Dispute and any Responses shall be made by hand-delivery, facsimile transmission, or electronic mail upon the following:

EEOC:    Maria Salacuse
Assistant General Counsel for Technology
Office of General Counsel
131 M St., NE
Washington, DC 20507
maria.salacuse@eeoc.gov


PFG:    Vice President of Diversity and Inclusion


and

Jean L. Schmidt
Littler Mendelson
900 Third Avenue
New York, NY  10022
jschmidt@littler.com

**42.04   Meeting -** After service of the Responses, the Parties will schedule a telephonic or in-person meeting to attempt to resolve the dispute.

**42.05   Dispute Resolution Period -** If the dispute has not been resolved within forty-five (45) days after service of PFG's Response to Notice of Dispute, an action to enforce the Consent Decree may be brought in this Court.

## X.  MISCELLANEOUS PROVISIONS

**43.   Joint Document Of The Parties -** The terms of this Consent Decree are the product of joint negotiation and are not to be construed as having been authored by one party or another.

**44.   Implementation -** The Commission and PFG agree to take all reasonable steps that may be necessary to fully effectuate the terms of this Consent Decree.

## XI.  SIGNATURES

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| Sharon Fast Gustafson<br>General Counsel<br><br>Gwendolyn Young Reams<br>Associate General Counsel<br><br>*/s/ Debra M. Lawrence*_____<br>Debra M. Lawrence<br>Regional Attorney<br>(Signed by Maria Salacuse with permission<br> of Debra M. Lawrence)<br><br>*/s/ Maria Salacuse*_____<br>Maria Salacuse (Bar No. 15562)<br>Assistant General Counsel<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Office of General Counsel<br>131 M St. NE<br>Washington, DC 20507<br>Phone: (202) 663-4752<br>E-mail: maria.salacuse@eeoc.gov<br><br>*/s/*_____<br>David S. Staudt (Bar No. 94299)<br>Eric S. Thompson (Bar No. 94299)<br>(Signed by Maria Salacuse with permission)<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>Baltimore Field Office<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201 | */s/ Jean L. Schmidt*_____<br>Jean L. Schmidt<br>(Signed by Maria Salacuse with permission of<br>Jean L. Schmidt)<br>LITTLER MENDELSON, P.C.<br>900 Third Avenue<br>New York, New York 10022<br>Phone: (212) 583-9600<br>E-mail: jschmidt@littler.com |

Ordered this_____day of_____, _2020,_


_____
Catherine C. Blake
U.S. District Court Judge

27